# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| OLIVER THOMAS MILLER,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY,<br><br>Defendant. | Case No.: 2:25-cv-02009-APG-NJK<br><br>**Order** |

On October 17, 2025, *pro se* plaintiff Oliver Thomas Miller, an inmate confined at Clark County Detention Center, submitted a complaint under 42 U.S.C. § 1983, applied to proceed *in forma pauperis* ("IFP"), and moved to appoint counsel. Docket Nos. 1, 1-1, 1-2. Plaintiff's IFP application is incomplete because the financial certificate is not signed by a jail official, and Plaintiff did not include an inmate trust fund account statement for the previous six-month period with the application.

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for IFP status, the inmate must submit <u>all three</u> of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. IFP status does not relieve inmates of their obligation to

pay the filing fee, it just means that an inmate can pay the fee in installments.  *See* 28 U.S.C. § 1915(b).

Accordingly,

**IT IS ORDERED** that the incomplete IFP application, Docket No. 1, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than **December 22, 2025**, Plaintiff must either pay the full $405 filing fee or file a new fully complete IFP application with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice.  A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a <u>new</u> case number, when Plaintiff can file a complete IFP application or pay the required filing fee.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff Oliver Thomas Miller the approved IFP application for an inmate and instructions for the same, and to retain the complaint, Docket No. 1-1, but not file it at this time.

IT IS SO ORDERED.

DATED: October 27, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

2